

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. E. Beasley
County Auditor
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-5454
Re: Under the facts submitted
would the sheriff be en-
titled to $4.00 per day
for the continuous term of
court or the entire year,
or whether or not he will
be allowed this fee only
for the time the district
court is actually sitting
in Collin County?

Your letter of July 8, 1943, requesting the opin-
ion of this department on the above stated question, reads
as follows:

"Senate Bill No. 88 contained on page 12 of
Vernon's Texas Session Law Service provides as
follows:

"'FIFTY-NINTH DISTRICT: (a) Collin County.
On the third Monday in January and continuing un-
til and including the last Saturday before the
fourth Monday in April; on the fourth Monday in
April and continuing until and including the last
Saturday before the second Monday in September;
and on the second Monday in September and contin-
uing until and including the last Saturday before
the third Monday in January.

"'FIFTY-NINTH DISTRICT: (b) Grayson Coun-
ty. On the second Monday in March and continu-
ing until and including the last Saturday before
the third Monday in June; on the third Monday in

June and continuing until and including the last Saturday before the first Monday in December; and on the first Monday in December and continuing until and including the last Saturday before the second Monday in March.'

"The last paragraph of Article 3933, R.C.S. provides as follows:

"'For every day the Sheriff or his deputy shall attend the District or County Court, he shall receive Four Dollars ($4) a day to be paid by the county for each day that the Sheriff by himself or a deputy shall attend said court.'

"Before the passage of Senate Bill No. 88, the 59th District Court had three terms in Collin County and three terms in Grayson County each year. The Sheriff was paid $4.00 a day for each day of the three terms which the 59th District Court held in Collin County.

"Under this new law the terms are continuous in the above counties.

"Will you please give us your opinion based on the statutes quoted as to whether or not the Sheriff would be entitled to $4.00 per day for thecontinuous term or the entire year, or whether or not he will be allowed this fee only for the time the District Court is actually sitting in Collin County."

Collin County has a population of 47,190 inhabitants according to the 1940 Federal Census. The county officials of said county are compensated on an annual salary basis as authorized by Section 13 of Article 3912e, Vernon's Annotated Civil Statutes.

Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, provides:

"No district officer, shall be paid by the State of Texas any fees or commissions for any

services performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or Funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such moneys received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Article 3933, Vernon's Annotated Civil Statutes, reads in part as follows:

". . . For every day the sheriff or his deputy shall attend the district or county court, he shall receive Four Dollars ($4) a day to be paid by the county for each day that the sheriff by himself or a deputy shall attend said court."

The foregoing statute is applicable where the county officials are compensated on a fee basis. The said provision of Article 3933 quoted above has no application whatsoever when the county officials are compensated on an annual salary basis.

On numerous occasions this department has repeatedly held that a sheriff in a fee county is entitled to the $4.00 a day for his attendance upon the court only when the court is in session and not while merely constructively in session.

28

We quote from an opinion of this department written September 28, 1937, by Honorable James M. Neff, Assistant Attorney General, addressed to Honorable Ben J. Dean, District Attorney, Breckenridge, Texas, as follows:

"In an opinion heretofore rendered by this department on February 21, 1937, in which it was ruled that the sheriff was entitled to fees mentioned ... only when the court was actually in session. The opinion construes the phrase 'actually in session' to mean the presence of the judge, and it also points out the fact that the judge must assume the bench and proceed with the business of the court. This opinion has been followed by this department on numerous occasions."

In Opinion No. O-1228 this department held:

"You are further respectfully advised that in your county where the sheriff is compensated on the salary basis, the sheriff would not be entitled to any fees from the county for his services in waiting on the district and county courts under Article 3933, because Section 1 of Article 3912e, Vernon's Annotated Civil Statutes of Texas, prohibits the same."

In view of the foregoing you are respectfully advised that it is our opinion that the sheriff of Collin County who is compensated on the salary basis is not entitled to any compensation from the county for his services in waiting on the district and county courts under Article 3933, because Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, prohibits the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 17, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:db

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN